JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Paul Drew appeals the sentence entered by the trial court following his conviction in the Cuyahoga County Court of Common Pleas for aggravated assault. For the following reasons, we vacate the sentence in part and remand for resentencing.
 {¶ 2} This case arose from allegations that defendant got into a fight with his downstairs neighbor Mark Norris on December 7, 2002.
 {¶ 3} On May 15, 2003, defendant was charged with one count of felonious assault, in violation of R.C. 2903.11. On August 6, 2003, a bench trial began.
 {¶ 4} On August 6, 2003, the trial court found defendant guilty of the lesser included offense of aggravated assault.
 {¶ 5} On August 6, 2003, the defendant was sentenced to two years community controlled sanctions, which included weekly reporting, 150 hours of community work service, anger management classes, GED classes, court costs and supervision costs, and assigned counsel fees.
 {¶ 6} Defendant appeals the sentence and raises one assignment of error for our review.
 {¶ 7} "I. The trial court erred in sentencing appellant to the term of probation that appellant repay his assigned counsel fees."
 {¶ 8} In his sole assignment of error, defendant challenges the trial court's condition of probation that he repay his attorney fees. Specifically, defendant claims that he is indigent and unable to pay the cost of counsel.
 {¶ 9} Pursuant to R.C. 2951.02, a trial court is granted broad discretion in setting conditions of probation. A trial court can impose and enforce repayment of attorney fees as a valid special condition of probation where the indigent criminal defendant subsequently acquires the financial means to repay the costs of their defense. State v. McLean (1993),87 Ohio App.3d 392. However, the trial court must make an affirmative determination on the record that the defendant has, or reasonably may be expected to have, the means to pay all or some part of the legal services rendered to him. R.C. 2941.51(D); State v.Watkins (1994), 96 Ohio App.3d 195.
 {¶ 10} Here, the trial court did not make a determination on the record that defendant was able to pay for his court-appointed counsel. Although the defendant testified that he was working for a roofing company, there was no testimony as to his income or employment status (part-time or full-time). Accordingly, there was no evidence before the court as to defendant's financial ability to pay for his legal fees. Thus, the trial court erred in including attorney fees as a condition of probation.
 {¶ 11} Defendant's sole assignment of error is sustained. Defendant's sentence is vacated in part and cause remanded to the trial court for resentencing only as to the order for payment of attorney fees.
Sentence vacated in part; remanded for resentencing.
Karpinski, J., and Rocco, J., concur.