[Cite as *State v. Shirk*, 2016-Ohio-7692.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

|  |  |
|---|---|
| STATE OF OHIO | : |
|  | : Appellate Case No. 2015-CA-49 |
| Plaintiff-Appellee | : |
|  | : Trial Court Case No. 14-CR-239 |
| v. | : |
|  | : (Criminal Appeal from |
| THOMAS SHIRK | :  Common Pleas Court) |
|  | : |
| Defendant-Appellant | : |
|  | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of November, 2016.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

JOHN S. PINARD, Atty. Reg. No. 0085567, 120 West Second Street, Suite 603, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

     **{¶ 1}** Thomas Shirk appeals from his conviction and sentence following a guilty plea

to two counts of unlawful sexual conduct with a minor, both felonies in the third degree. Shirk

appeals from the judgment due to (1) ordering Shirk to pay court-appointed counsel fees and (2) the lack of notice given at the sentencing hearing of Shirk's duty to register under R.C. 2950.04(A)(2). The State concedes both errors, and we hereby vacate the order for reimbursement of appointed counsel fees; further, the portion of the sentence regarding sexual offender registration is reversed and the case is remanded for the limited purpose for the trial court to impose sexual offender registration requirements and to provide notice of the sexually oriented offender registration requirements in compliance with applicable statutes. In all other respects, the judgment is affirmed.

**Introduction and Facts**

{¶ 2} On April 08, 2014, Shirk was indicted for four counts of unlawful sexual conduct with a minor, each with a specification that the offender was at least ten or more years older than the victim. Shirk entered an original plea of not guilty on April 24, 2014.

{¶ 3} On July 14, 2014, Shirk entered into a plea agreement with the State, in which the State agreed to dismiss Counts 3 and 4 in exchange for the guilty plea to Counts 1 and 2. Also within the agreement, the State agreed to allow Shirk to remain out of jail on bond pending sentencing. Both parties further agreed to have a presentence investigation report completed. As part of the plea colloquy, Shirk was informed he would be a Tier II sex offender requiring registration every 180 days for 25 years.

{¶ 4} At the sentencing hearing on August 05, 2014, the trial court informed Shirk "[y]ou will be classified as a TIER II sex offender, and you will be required to comply with all notice and registration requirements that go along with that classification." Disp. Tr. 14. The trial court then sentenced Shirk to four years for each count of unlawful sexual conduct with a minor, to be served consecutively, amounting to a total prison term of eight years. In

addition to the prison sentence, the trial court ordered Shirk to pay court costs. No separate notification form detailing registration requirements appears in the record.

{¶ 5} The court issued a written judgment entry consistent with its orally-imposed sentence. The written judgment entry also included a requirement that Shirk pay court-appointed counsel fees.

{¶ 6} Shirk asserts two assignments of error on appeal. The first is as follows:

**"The Trial Court erred as a matter of law by failing to notify Appellant at sentencing he was required to pay court costs, or to orally inquire if he was able to pay them."**

{¶ 7} Although Shirk's first assignment refers to payment of court costs, the actual argument on appeal arises from the duty imposed by the trial court in its judgment entry for Shirk to pay court-appointed counsel fees. Shirk contends the trial court erred when it imposed the fees without first inquiring into his ability to pay them and notifying him of the requirement at sentencing. Shirk argues that because the trial court neglected to conduct a separate analysis as to his ability-to-pay counsel fees, the case should be remanded to complete this required analysis.

{¶ 8} R.C. 2947.23 requires a trial court to impose the costs of prosecution against all convicted defendants, and render a judgment against the defendant for such costs, regardless if that defendant is indigent. Court-appointed counsel fees are not court costs and shall be paid by the county. R.C. 2941.51(D). However, R.C. 2941.51(D) also states: "If the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." Thus, a defendant may be required to repay court-appointed counsel fees, but only to the extent deemed reasonable if

the defendant has a present or future ability to pay.

{¶ 9} This court has held court-appointed counsel fees are not directly enforceable as a criminal sanction, and cannot be taxed as costs. *State v. Springs*, 2015-Ohio-5016, 53 N.E.3d 804, ¶ 3 (2d Dist.). *See also State v. Lambert*, 2d Dist. Clark No. 2015-CA-5, 2015-Ohio-5168, ¶ 18–20 (holding that imposing the fees of court-appointed counsel as costs is plain error, as they are only collectable through a separate civil action). For any imposition of court-appointed counsel fees to be proper, the trial court must first "consider [the defendant's] ability-to-pay and the amount thereof," and notify the defendant of the imposition at sentencing. *Springs* at ¶ 3*; State v. Hudson,* 2d Dist. Clark No. 2011-CA-100, 2014-Ohio-1977*; State v. Breneman,* 2d Dist. Champaign No. 2013-CA-15, 2014-Ohio-1102*.*

{¶ 10} The State concedes, and we agree, that the trial court erred when it required Shirk to pay court-appointed counsel fees without both informing him of this requirement at sentencing and determining his ability to pay. While the trial court was proper when it stated, "[c]ourt costs will be ordered" at Shirk's sentencing, it was improper to include within the judgment entry the court-appointed counsel fees. By stating in its judgment entry: "Defendant is ORDERED to pay all costs of prosecution, Court appointed counsel costs, and any fees permitted pursuant to law[,]" the trial court erred because it did not provide notification of the imposition of those fees at sentencing and did not consider and determine Shirk's payment capability.

{¶ 11} Because the trial court erred in ordering Shirk to pay court-appointed counsel fees without the requisite notice and ability to pay inquiries, Shirk's first assignment of error is sustained and the order to reimburse appointed counsel fees is vacated.

{¶ 12} Shirk's second assignment of error is as follows:

**"The Trial Court erred as a matter of law by failing to notify Appellant at the sentencing hearing of his duty to register and his notice requirements under R.C. 2950.03(B)(1)."**

{¶ 13} In Shirk's second assignment of error, he argues that the trial court erred by failing to notify him at the sentencing hearing of his duty to register under R.C. 2950.04(A)(2), and failing to adhere to the notice requirements set forth in R.C. 2950.03(B)(1). Particularly, he argues that the court erred by failing to require Shirk to read and sign the required form described in R.C. 2950.03(B)(1). Because the trial court did not provide adequate notice pursuant to the statute, Shirk argues the case must be remanded to the trial court in order to allow the court to comply with the statute.

{¶ 14} A "Tier II" Sex Offender is defined in R.C. 2950.01(F)(1)(b). That subsection states: "Tier II sex offender/child-victim offender [includes]: A sex offender who *** pleads guilty to *** a violation of section 2907.04 of the Revised Code when the offender is at least four years older than the other person with whom the offender engaged in sexual conduct." An offender with this status is required to register various pieces of information with the sheriff of the county in which he establishes residency pursuant to R.C. 2950.04(A)(2).

{¶ 15} Any offender who has a duty to register pursuant to R.C. 2950.04, and has pled guilty to a sexually oriented offense or a child-victim oriented offense, must be given sufficient notice of his duty to register. R.C. 2950.03. In relevant part, R.C. 2950.03(A)(2) states: "Regardless of when the person committed the sexually oriented offense or child-victim oriented offense, if the person is an offender who is sentenced on or after January 1, 2008 for any offense ***, *the judge shall provide the notice to the offender at the time of sentencing.*" (Emphasis added.) R.C. 2950.03(A)(2).

{¶ 16} The notice provided is deemed sufficient when it complies with the guidelines set forth in R.C. 2950.03(B)(1), which states:

(B)(1) The notice provided under division (A) of this section shall inform the offender or delinquent child of the offender's or delinquent child's duty to register, to provide notice of a change in the offender's or delinquent child's residence address or in the offender's school, institution of higher education, or place of employment address, as applicable, and register the new address, to periodically verify the offender's or delinquent child's residence address or the offender's school, institution of higher education, or place of employment address, as applicable, and, if applicable, to provide notice of the offender's or delinquent child's intent to reside, pursuant to sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code. The notice shall specify that, for an offender, it applies regarding residence addresses or school, institution of higher education, and place of employment addresses and that, for a delinquent child, it applies regarding residence addresses. Additionally, it shall inform the offender of the offender's duties to similarly register, provide notice of a change in, and verify those addresses in states other than this state as described in division (A) of this section. A notice provided under division (A)(1), (2), (3), or (4) of this section shall comport with the following:

(a) If the notice is provided to an offender under division (A)(1) or (2) of this section, the official, official's designee, or *judge shall require the offender to read and sign a form stating that the offender's duties to register, to file a notice*

*of intent to reside, if applicable, to register a new residence address or new school, institution of higher education, or place of employment address, and to periodically verify those addresses, and the offender's duties in other states as described in division (A) of this section have been explained to the offender.* If the offender is unable to read, the official, official's designee, or judge shall certify on the form that the official, designee, or judge specifically informed the offender of those duties and that the offender indicated an understanding of those duties.

R.C. 2950.03(B)(1). (Emphasis added.)

{¶ 17} The State concedes, and we agree, that the trial court erred when it failed to comply with the statutory requirements for providing sufficient notice to Shirk. The trial court properly classified Shirk as a Tier II sex offender, however, it failed to adequately provide him an explanation of what that classification requires. The statement that Shirk will "be required to comply with all notice and registration requirements that go along with that classification" is the only statement within the record during sentencing that reflects discussion of Shirk's new registration duties. This statement is not sufficient notice under R.C. 2950.03(B)(1) because the statement alone does not describe the specific registration requirements as proscribed by the statute. Further, the record does not establish any use of the form required by R.C. 2950.03(B)(1) or display that Shirk was ever informed of the information described in the form.

{¶ 18} Because the trial court failed to notify Shirk of the specific registration requirements designated in R.C. 2950.03(B)(1), including the presentation of the required form for signature, Shirk's second assignment of error is sustained, the incomplete

imposition of sex offender registration is reversed and this case is remanded for imposition of sex offender registration requirements and notification to appellant in accordance with statute.

**Conclusion**

{¶ 19} We agree with the parties that the trial court erred when it imposed court-appointed counsel fees without notice and without an ability to pay determination. That order is vacated. We also agree the trial court erred when it failed to provide sufficient notice of Shirk's registration requirements under R.C. 2950.03(B)(1). That part of the judgment is therefore reversed in part, and the case is remanded to the trial court for the limited purpose to provide notice of the sexually oriented offender registration requirements to Shirk and to impose those registration requirements in compliance with applicable statutes. In all other respects, the judgment is affirmed.

. . . . . . . . . . . . .

FAIN, J., and FROELICH, J., concur.

Copies mailed to:

Megan M. Farley
John S. Pinard
Hon. Douglas M. Rastatter