[Cite as *State v. Taylor*, 2018-Ohio-2858.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee           :    Appellate Case No. 27700
                                       :
v.                                     :    Trial Court Case No. 2016-CR-1970
                                       :
ROBERT TAYLOR                          :    (Criminal Appeal from
                                       :    Common Pleas Court)
    Defendant-Appellant          :
                                       :

. . . . . . . . . .

O P I N I O N

Rendered on the 20th day of July, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

DAVID R. MILES, Atty. Reg. No. 0013841, 125 West Main Street, Suite 201, Fairborn, Ohio 45324
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Robert Taylor pled guilty in the Montgomery County Court of Common Pleas to kidnapping and gross sexual imposition of a person less than thirteen years of age. The trial court sentenced him to five years of community control and ordered him to pay a supervision fee of $250, court-appointed counsel fees of $130, and court costs.

{¶ 2} Taylor appeals from his conviction, claiming that the trial court erred in ordering him to pay a court-appointed counsel fee. Taylor also claims that his trial counsel was ineffective by failing to request a waiver of the court-appointed counsel fee, the supervision fee, and court costs. For the following reasons, the judgment of the trial court will be affirmed in part and reversed in part, and the matter will be remanded for the filing of an amended judgment entry that omits the imposition of court-appointed counsel fees.

## I. Procedural History

{¶ 3} On October 19, 2016, Taylor was indicted for one count of rape of a person less than thirteen years of age in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and one count of disseminating material that is harmful to juveniles in violation of R.C. 2907.31(A)(1), a misdemeanor of the first degree. Taylor pled not guilty to the indicted charges.

{¶ 4} On the scheduled trial date, Taylor accepted a plea bargain offered by the State, whereby Taylor agreed to plead guilty by bill of information to one count of kidnapping in violation of R.C. 2905.01(A)(2), a felony of the first degree, and one count of gross sexual imposition of a person less than thirteen years of age in violation of R.C. 2907.05(A)(4), a felony of the third degree. In exchange for Taylor's guilty plea, the

State agreed to dismiss the original charges in the indictment. As articulated at the plea hearing, the parties also agreed that Taylor would serve a full five years of community control sanctions with a no-break status, be designated a Tier II sex offender, and have no contact with the victim.[1]

{¶ 5} After accepting Taylor's guilty plea, the trial court ordered a presentence investigation report ("PSI") and scheduled the matter for sentencing. At the sentencing hearing, and in conformity with the plea agreement, the trial court sentenced Taylor to five years of community control. The trial court also designated Taylor a Tier II sex offender and ordered him to have no contact with the victim. In addition, the trial court ordered Taylor to pay a $130 court-appointed counsel fee, a $250 supervision fee, and court costs, which were later calculated to be $1,138. The court-appointed counsel fee was not imposed as a financial sanction or as a court cost, but as a separate financial obligation.

{¶ 6} Taylor appeals from his conviction, raising two assignments of error related to the monetary portions of his sentence.

## II. Ability to Pay Court-Appointed Counsel Fees

{¶ 7} In his first assignment of error, Taylor claims that the trial court "erred in ordering [him] to pay court-appointed counsel fees." Taylor contends that the $130 court-appointed counsel fee imposed by the trial court should be vacated, because the trial court failed to notify him of the fee at the sentencing hearing and failed to consider his ability to pay the fee before it was imposed.

---

[1] These additional terms were not on the plea forms, but Taylor and his attorney both orally indicated at the plea hearing that those terms were part of the plea agreement.

**{¶ 8}** At the outset, a trial court's order to pay court-appointed counsel fees is distinguishable from both court costs and financial sanctions, which are also distinguishable from each other.

**{¶ 9}** Pursuant to R.C. 2947.23, a trial court is required to impose the costs of prosecution against all convicted defendants and to render a judgment against the defendant for such costs*. State v. Shirk*, 2d Dist. Clark No. 2015-CA-49, 2016-Ohio-7692, ¶ 8. This is true regardless of whether the defendant is deemed indigent. *Id.* The court has jurisdiction at sentencing or anytime thereafter to waive, suspend, or modify the payment of the costs. R.C. 2947.23(C). Once costs are ordered and a judgment for them imposed, a defendant has the burden of objecting and seeking modification of the payment. In other words, costs are paid by the defendant unless evidence shows and the court finds that he or she is unable to pay.

**{¶ 10}** Under R.C. 2929.18, a court may order a felony offender to pay, as part of the sentence, a financial sanction, such as restitution or a fine. Before imposing financial sanctions under R.C. 2929.18, the trial court is required to consider the defendant's present and future ability to pay. R.C. 2929.19(B)(5). R.C. 2929.19(B)(5) "establishes no particular factors for the court to take into consideration, nor is a hearing necessary before making this determination. * * * Moreover, although it is preferable, a court imposing financial sanctions need not expressly state on the record that it considered an offender's ability to pay." *State v. Philbeck*, 2d Dist. Montgomery Nos. 26466 and 26467, 2015-Ohio-3375, ¶ 27. "The record should, however, contain 'evidence that the trial court considered the offender's present and future ability to pay before imposing the sanction of restitution.' " *State v. Culver*, 160 Ohio App.3d 172,

2005-Ohio-1359, 826 N.E.2d 367, ¶ 57 (2d Dist.), quoting *State v. Robinson*, 3d Dist. Hancock No. 5-04-12, 2004-Ohio-5346, ¶ 17.

{¶ 11} Court-appointed counsel fees and expenses approved by a court are not court costs or a financial sanction, and they are not directly enforceable as a criminal sanction. R.C. 2941.51(A); *State v. Springs*, 2015-Ohio-5016, 53 N.E.3d 804, ¶ 9 (2d Dist.). R.C. 2941.51(D) specifically provides that court-appointed counsel fees "shall not be taxed as part of the costs and shall be paid by the county."

{¶ 12} Nevertheless, "if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." R.C. 2941.51(D). Therefore, "a defendant may be required to repay court-appointed counsel fees, but only to the extent deemed reasonable if the defendant has a present or future ability to pay." *Shirk,* 2d Dist. Clark No. 2015-CA-49, 2016-Ohio-7692, at ¶ 8.

{¶ 13} It is not the defendant's burden to show that he has the means to pay court-appointed counsel fees. Absent a contrary determination by the court, the mandate of the statute is that appointed counsel's fees are paid by the county. Stated simply, counsel's fees are paid by the county unless evidence shows that he or she is able to pay.

{¶ 14} To properly impose court-appointed counsel fees, the trial court must (1) consider the defendant's ability-to-pay and the amount thereof, and (2) notify the defendant of the imposition of court-appointed counsel fees at sentencing. *Shirk* at ¶ 9; *Springs* at ¶ 10. "[A] trial court errs when it orders a defendant to pay court-appointed

counsel fees without notifying the defendant of that requirement at sentencing and determining the defendant's ability to pay those fees." (Citation omitted.) *State v. Mitchell*, 2d Dist. Clark No. 2014-CA-108, 2016-Ohio-1422, ¶ 24.

{¶ 15} In this case, the record establishes that the trial court properly notified Taylor of his obligation to pay the court-appointed counsel fees at the sentencing hearing and included the order to pay the fee in the sentencing entry. However, the trial court did not expressly state at the sentencing hearing that it found Taylor had the ability to pay the imposed court-appointed counsel fees.

{¶ 16} The State urges this court to infer that the trial court determined Taylor had the ability to pay the fee from the trial court's review of the PSI, which contains information regarding Taylor's monthly income, employment history, and health.

{¶ 17} Several appellate districts have held that the trial court must make an "affirmative determination on the record" that the defendant has, or reasonably may be expected to have, the means to pay all or some part of the cost of the legal services rendered to him. *E.g., Galion v. Martin*, 3d Dist. Crawford No. 3-91-6, 1991 WL 261835, *5 (Dec. 12, 1991); *State v. Watkins*, 96 Ohio App.3d 195, 198, 644 N.E.2d 1049 (1st Dist.1994) (relying on *Galion*); *State v. Dahms*, 6th Dist. Sandusky No. S-11-028, 2012-Ohio-3181, ¶ 29; *State v. McGee*, 7th Dist. Jefferson No. 02-JE-39, 2003-Ohio-2239, ¶ 8; *State v. Drew*, 8th Dist. Cuyahoga No. 83563, 2004-Ohio-3609, ¶ 9; *State v. Dunaway*, 12th Dist. Butler No. CA2001-12-280, 2003-Ohio-1062, ¶ 39. However, what satisfies the trial court's duty to make an "affirmative determination on the record" varies among the districts.

{¶ 18} For example, the Twelfth District Court of Appeals has held that "a trial

court complies with its duty to make an 'affirmative determination on the record' under R.C. 2941.51(D) when the record indicates that the court has considered a PSI containing the defendant's financial and employment information." *E.g., State v. Christman*, 12th Dist. Preble Nos. CA2009-03-007 and CA2009-03-008, 2009-Ohio-6555, ¶ 39, citing *State v. Lane*, 12th Dist. Butler No. CA2002-03-069, 2003-Ohio-1246, ¶ 23. In so holding, the Twelfth District noted that the trial court's duty to make an affirmative determination on the record under R.C. 2941.51(D) is similar to the trial court's duty to consider the offender's present and future ability to pay financial sanctions in accordance with R.C. 2929.19(B)(5). *Christman* at ¶ 39.

{¶ 19} In contrast, the Sixth and Third District Courts of Appeals, for example, have required the trial court to make a specific finding regarding a defendant's ability to pay court-appointed counsel fees in order satisfy its duty to make an affirmative determination on the record. *See, e.g., State v. Talley*, 6th Dist. Lucas No. L-15-1187, 2016-Ohio-8010, 74 N.E.3d 868, ¶ 44 (holding that no hearing is required but "there must be a finding on the record that the offender has the ability to pay and that determination must be supported by clear and convincing evidence of record"); *State v. Ramsey*, 3d Dist. Marion No. 9-10-55, 2012-Ohio-134, ¶ 22.

{¶ 20} This court has not specifically addressed whether the ability-to-pay determination for court-appointed counsel fees can be inferred from a trial court's statement that it has reviewed a PSI, which contains information relevant to that determination. We conclude that it cannot.

{¶ 21} As stated above, R.C. 2941.51(D) specifically provides that court-appointed counsel fees shall be paid by the county. Accordingly, there is a statutory

presumption that the county will pay appointed counsel's fees and expenses, unless there is a finding that the defendant has or reasonably may be expected to have the means to pay some or all of the costs of his or her legal representation. Given this presumption, we conclude that, prior to imposing court-appointed counsel fees, the trial court must make an explicit finding that a defendant has or reasonably may be expected to have the means to pay some or all of the cost of his or her legal representation. In addition, the trial court is required to specify the amount of appointed-counsel fees that a defendant can or reasonably may be expected to pay.

{¶ 22} In this case, the trial court reviewed the PSI, which included information about Taylor's age, employment history, income, and physical health. We can possibly infer from the trial court's review of the PSI that the trial court was aware of information relevant to the determination of Taylor's ability to pay court-appointed counsel fees, and, even as a matter of postdiction, that there was enough information for the court to have found that Taylor had or reasonably could be expected to have the ability to pay some appointed-counsel fees. Nevertheless, the court did not affirmatively find that Taylor has or will have the means to pay some or all of his counsel's fees and expenses. Since there was no determination that Taylor has or will have the means to pay his court-appointed counsel fees, the court erred in ordering Taylor to pay those fees.[2]

{¶ 23} Taylor's first assignment of error is sustained.

### III. Ineffective Assistance of Counsel

{¶ 24} In his second assignment of error, Taylor claims that his trial counsel

---

[2] Any discussion of whether such fees can be ordered paid as part of a plea agreement or a condition of community control is not presented by this record.

rendered ineffective assistance by failing to seek a waiver of court costs, the supervision fee, and the court-appointed counsel fees. Taylor asks that the court costs, supervision fee, and court-appointed counsel fees imposed by the trial court be vacated or that the matter be remanded for a new sentencing hearing.

{¶ 25} To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. A defendant is entitled to "reasonable competence" from his or her attorney, not "perfect advocacy." *See Maryland v. Kulbicki*, 136 S.Ct. 2, 5 (2015), citing *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam).

{¶ 26} "*Strickland* and its progeny establish that when a court is presented with an ineffective-assistance-of-counsel claim, it should look to the full record presented by the defendant to determine whether the defendant satisfied his [or her] burden to prove deficient performance." *Reeves v. Alabama*, __ U.S. __, 138 S.Ct. 22, 26, 199 L.Ed.2d 341 (2017). Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *State v.*

*Fields*, 2017-Ohio-400, 84 N.E.3d 193, ¶ 38 (2d Dist.).

{¶ 27} With respect to the court-appointed counsel fees, we have already determined that the trial court erred in ordering the payment of those fees without an express finding regarding Taylor's ability to pay those fees. Taylor's claim of ineffective assistance of counsel with respect to those fees is moot.

{¶ 28} With respect to the court's imposition of court costs, the trial court was required to impose court costs in Taylor's case. Although Taylor's trial counsel could have requested a waiver of the payment of those costs at sentencing, counsel's failure to do so does not prevent Taylor from now seeking a waiver of those costs. R.C. 2947.23(C). Taylor has not demonstrated a reasonable probability that he was prejudiced by counsel's actions.

{¶ 29} Finally, when a defendant has been sentenced to community control, R.C. 2929.18(A)(5)(a)(i) and R.C. 2951.021(A)(1) permit a trial court to impose a monthly supervision fee, up to $50 per month, for supervision services. The trial court imposed a single supervision fee of $250. As a financial sanction under R.C. 2929.18, the trial court was required to consider Taylor's present and future ability to pay the supervison fee. *See* R.C. 2929.19(B)(5).

{¶ 30} Even if Taylor's defense counsel had been deficient in failing to request a waiver of the supervision fee, Taylor has not established that there was a reasonable probability that the trial court would have granted the waiver had counsel made such a request. At sentencing, Taylor was 53 years old with an 11th grade education. The PSI indicated that Taylor was financially supported by Social Security disability benefits. Although Taylor advised the PSI examiner that he did not remember how long he had

received the benefits, the PSI indicated that during a PSI conducted in 2012, Taylor had reported that he received Social Security disability benefits in the amount of $683 per month. The PSI also indicated that Taylor has a child who resides in Milwaukee, Wisconsin; Taylor stated in 2012 that he had a child support obligation, but the current status of that order is unclear.

{¶ 31} The PSI examiner noted that Taylor reported having no mental disabilities; however, Taylor claimed that he suffers from short-term memory loss due to being injured in a hit and run accident in 2009, during which he suffered a collapsed lung and a broken hip and collar bone. The PSI investigator reported that Taylor "displayed large memory gaps during his PSI interview." Taylor reported that his hip has not been replaced since the accident, which causes him to limp while walking and sometimes requires the assistance of a cane. While Taylor claimed he could not recall the names and locations of his prior employers, the PSI examiner noted Taylor had previously reported that he worked various jobs at Personnel World Temporary Services from 1982 to 1990 and at Millards from 1992 to 1995.

{¶ 32} At sentencing, the trial court stated that it had carefully reviewed the PSI. Although the court did not specifically find that Taylor had a present or future ability to pay a supervision fee of $250, the trial court could have reasonably determined that Taylor has the ability to pay the supervision fee. On this record, we cannot find that there was reasonably probability that the trial court would have waived the supervision fee had counsel requested a waiver.

{¶ 33} Taylor's second assignment of error is overruled.

**Conclusion**

**{¶ 34}** The judgment of the trial court will be reversed as to the imposition of court-appointed counsel fees and affirmed in all other respects.   The matter will be remanded for the filing of an amended judgment entry that omits the imposition of court-appointed counsel fees.

. . . . . . . . . . . .

DONOVAN, J. concurs.

WELBAUM, J., dissenting:

**{¶ 35}** I respectfully dissent from the majority's holding that, prior to imposing court-appointed counsel fees, the trial court must make an explicit finding as to whether a defendant has the ability to pay the fees and must specify the amount of fees the defendant can or reasonably may be expected to pay.

**{¶ 36}** R.C. 2941.51(D) permits the trial court to order a defendant to pay court-appointed counsel fees if "the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person[.]"   Under this provision, the trial court must make an ability-to-pay determination; however, there is nothing in the language of the statute requiring the trial court to make an explicit finding regarding that determination.   Moreover, the statute does not require a trial court to make an explicit finding as to how much the defendant can reasonably be expected to pay.   By requiring the trial court to make such findings, the majority is improperly adding requirements to R.C. 2941.51(D) that do not exist within the statute.   *See Cleveland Elec. Illuminating Co. v. Cleveland*, 37 Ohio St.3d 50, 524 N.E.2d 441 (1988), paragraph three of the syllabus ("In matters of [statutory]

construction, it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used."); *State ex rel. Tam O'Shanter Co. v. Stark Cty. Bd. of Elections,* 151 Ohio St.3d 134, 2017-Ohio-8167, 86 N.E.3d 332, ¶ 17, quoting *State ex rel. Columbia Reserve Ltd. v. Lorain Cty. Bd. of Elections*, 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, ¶ 32 ("When interpreting statutory language, '[w]e will not add a requirement that does not exist in the statute.' ").

**{¶ 37}** The trial court's duty to make an ability-to-pay determination under R.C. 2941.51(D) is very similar to the trial court's duty under R.C. 2929.19(B)(5) to consider the offender's present and future ability to pay before imposing financial sanctions. Just like R.C. 2941.51(D), the language of R.C. 2929.19(B)(5) does not require the trial court to make an explicit finding as to the defendant's ability to pay. As a result, we have consistently held that "a court imposing financial sanctions need not expressly state on the record that it considered an offender's ability to pay. * * * Where the trial court fails to make an explicit finding on a defendant's relative ability to pay, this court has observed that a trial court's consideration of this issue may be 'inferred from the record under appropriate circumstances.' " *State v. Conley*, 2015-Ohio-2553, 43 N.E.3d 775, ¶ 49 (2d Dist.), quoting *State v. Parker*, 2d Dist. Champaign No. 03CA0017, 2004-Ohio-1313, ¶ 42. More specifically, we have held that a trial court may comply with its duty under R.C. 2929.19(B)(5) " 'by considering a presentence investigation report ("PSI"), which includes information about the defendant's age, health, education, and work history.' " *State v. Hull*, 2d Dist. Clark No. 2016-CA-5, 2017-Ohio-7934, ¶ 10, quoting *State v. Willis*, 2d Dist. Montgomery No. 24477, 2012-Ohio-294, ¶ 4.

**{¶ 38}** Given the similarities between R.C. 2941.51(D) and R.C. 2929.19(B)(5),

the ability-to-pay determination under R.C. 2941.51(D) should also be inferred from a trial court's statement that it reviewed a PSI when the PSI contains information relevant to that determination. Therefore, I agree with the Twelfth District's holding that "a trial court complies with its duty to make an 'affirmative determination on the record' under R.C. 2941.51(D) when the record indicates that the court has considered a PSI containing the defendant's financial and employment information." *State v. Christman*, 12th Dist. Preble Nos. CA2009-03-007, CA2009-03-008, 2009-Ohio-6555, ¶ 39, citing *State v. Lane*, 12th Dist. Butler No. CA2002-03-069, 2003-Ohio-1246, ¶ 23 and *State v. Dunaway*, 12th Dist. Butler No. CA2001-12-280, 2003-Ohio-1062, ¶ 40. "By explicitly stating that it considered the PSI and then proceeding to impose counsel costs, the trial court affirmatively determined that appellant could reasonably be expected to have the ability to pay these costs." *Dunaway* at ¶ 40. *Accord State v. Flanagan*, 12th Dist. Butler No. CA2002-05-120, 2003-Ohio-1444, ¶ 26; *State v. Lunsford*, 12th Dist. Butler No. CA2001-12-284, 2003-Ohio-1442, ¶ 18.

**{¶ 39}** Because the trial court indicated that it reviewed the PSI in this case, and the PSI contained information indicating that Taylor had the ability to pay court-appointed counsel fees, I would overrule Taylor's first assignment of error and affirm the judgment of the trial court.

. . . . . . . . . .

Copies mailed to:

Mathias H. Heck, Jr.
Sarah E. Hutnik

David R. Miles
Hon. Dennis J. Adkins