[Cite as *State v. Rhodman*, 2019-Ohio-5176.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| CARRIE L. RHODMAN, | : | Case No. 2019 CA 00029 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Licking County
                                 Court of Common Pleas, Case No.
                                 2018 CR 00245

JUDGMENT:                        Vacated

DATE OF JUDGMENT:                December 9, 2019

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

WILLIAM C. HAYES                          PATRICK T. CLARK
Prosecuting Attorney                      Assistant State Public Defender
                                          250 East Broad Street, Suite 1400
By: CLIFFORD J. MURPHY                    Columbus, Ohio 43215
Assistant Prosecuting Attorney
20 South Second Street, 4th Floor
Newark, Ohio 43055

*Baldwin, J.*

{¶1} Carrie L. Rhodman appeals the decision of the Licking County Court of Common Pleas ordering that she pay court-appointed counsel fees. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2} The underlying facts leading to the charges in this matter are not relevant to the disposition of the appeal and are therefore omitted.

{¶3} Appellant was convicted of one count of aggravated arson and was sentenced to a four year prison term and ordered to "***  pay court-appointed counsel costs and any fees permitted pursuant to R.C. Section 2929.18(A)(4) according to the Defendant's ability to pay," over Appellant's objection.

{¶4} Appellant filed an appeal and submitted two assignments of error:

{¶5} "I. THE TRIAL COURT ERRED IN SENTENCING CARRIE RHODMAN WHEN IT IMPOSED COSTS OF COUNSEL WITHOUT FIRST FINDING THAT SHE HAD THE ABILITY TO PAY THOSE COSTS."

{¶6} "II. THE TRIAL COURT'S IMPOSITION OF COUNSEL COSTS AGAINST CARRIE RHODMAN IS CLEARLY AND CONVINCINGLY UNSUPPORTED BY THE RECORD."

## STANDARD OF REVIEW

{¶7} An appellate court may only modify or vacate a sentence if it finds by clear and convincing evidence that the record does not support the sentencing court's decision. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231at ¶23. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm

belief or conviction as to the facts sought to be established.' " *State v. Silknitter,* 3rd Dist. Union No. 14–16–07, 2017–Ohio–327, ¶ 7 quoting, *Marcum, supra*, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but does not require the certainty of "beyond a reasonable doubt." *Marcum,* at ¶ 22 quoting *Ledford.*

## ANALYSIS

{¶8}   In her first assignment of error, Appellant contends the trial court erred in sentencing when it imposed costs of counsel without first finding that she had the ability to pay those costs.

{¶9}   We addressed this issue in *State v. Hare,* 5th Dist. Delaware No. 19 CAA 01 0001, 2019-Ohio-3047 where that Appellant assigned as error the trial court's order that Appellant "to pay all of the cost of his court-appointed counsel without determining his ability to pay, and without advising him on the record he would be required to pay at sentencing." *Id.* at ¶ 38.  The rational of that decision is applicable to the case before us.

{¶10}  In Hare we found that R.C. 2941.51(D) controlled our analysis, particularly that portion of the statute that states:

> The fees and expenses approved by the court under this section shall not
> be taxed as part of the costs and shall be paid by the county. However, if
> the person represented has, or reasonably may be expected to have, the
> means to meet some part of the cost of the services rendered to the person,
> the person shall pay the county an amount that the person reasonably can
> be expected to pay.

*Id.* at ¶ 41.

{¶11} We cited the Second District Court of Appeals Decision in *State v. Taylor,* 2nd Dist. Montgomery No. 27700, 117 N.E.3d 887, 2018-Ohio-2858 with approval and held that "to impose court-appointed counsel fees, the trial court must notify the defendant of such requirement at sentencing, make an explicit finding the defendant has or reasonably may be expected to have the means to pay, and specify the amount of appointed-counsel fees the defendant can or reasonably may be expected to pay." *Hare, supra* at ¶ 44.

{¶12} In *Hare* the trial court stated at the sentencing hearing and in its sentencing entry:

> Court (sic) has considered your present and future ability to pay financial sanctions, does not impose a fine in this case, but you are ordered to pay all of the costs of prosecution for which judgement's [sic] granted against you and execution is hereby awarded.
>
> ***
>
> The Court finds the defendant is able to work and is therefore Ordered to pay all prosecution costs, court appointed counsel costs and any fees permitted pursuant to R.C. 2929.18(A)(4), for which all sums, judgment is hereby rendered. No fine is imposed.

*Hare*, *supra* at ¶ 45, 47.

{¶13} We held that "The trial court did not notify Appellant at sentencing he would or could be required to pay court-appointed counsel fees, did not make an explicit finding Appellant has or reasonably may be expected to have the means to pay court-appointed

counsel fees pursuant to R.C. 2941.51(D), and did not specify the amount of appointed-counsel fees Appellant can or reasonably may be expected to pay" *Id.* at ¶ 48.

{¶14} In the case before us, the trial court ordered Appellant to "*** pay court-appointed counsel costs and any fees permitted pursuant to R.C. Section 2929.18(A)(4) according to the Defendant's ability to pay" but "did not make an explicit finding Appellant has or reasonably may be expected to have the means to pay court-appointed counsel fees pursuant to R.C. 2941.51(D), and did not specify the amount of appointed-counsel fees Appellant can or reasonably may be expected to pay." Consistent with our decision in *Hare,* we must find that the trial court erred by ordering Appellant to pay court-appointed counsel fees without making the required findings.

{¶15} The first assignment of error is sustained.

{¶16} In her second assignment of error, Appellant argues that the trial court's imposition of counsel costs is clearly and convincingly unsupported by the record. Because we have sustained the Appellant's first assignment of error and determined that the trial court erred by imposing costs, we hold that the second assignment of error moot and that it is unnecessary to render a decision on that assignment. App.R. 12(A)(1)(c).

**{¶17}** The judgment of the Licking County Common Pleas Court regarding the order to pay court-appointed counsel fees is vacated.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.