[Cite as *State v. Clark*, 2021-Ohio-1427.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-19 |
| | : | |
| v. | : | Trial Court Case Nos. 2020-CR-13 & |
| | : | 2020-CR-54 |
| CAROLYN ELAINE MARIE CLARK | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of April, 2021.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
 Attorney for Plaintiff-Appellee

MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, 210 West Main Street, Troy, Ohio 45373
 Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Carolyn Elaine Marie Clark appeals from her convictions for two drug-related offenses, challenging her sentences. We conclude that the record supported the trial court's sentencing findings and that the sentences were not otherwise contrary to law. We affirm.

## I. Factual and Procedural Background

{¶ 2} On January 7, 2020, Clark was a passenger in a vehicle driven by Denvil Rose through Mechanicsburg, Ohio. A patrol officer observed Rose fail to stop at a marked stop bar. The officer initiated a traffic stop, but Rose did not stop, leading police on a high-speed chase. Rose eventually stopped near an open field, jumped out, and fled into the field on foot. When officers eventually caught him, they discovered syringes in his pockets.

{¶ 3} Meanwhile, Clark remained in the vehicle and was taken into custody. Officers discovered drug paraphernalia in a purse located on the passenger side of the vehicle. Clark admitted that she used methamphetamine, and officers discovered a small quantity of methamphetamine in a baggie in her purse. Clark was charged with one count of aggravated possession of drugs and released on bond.[1]

{¶ 4} In violation of one of her bond conditions, Clark had multiple telephone conversations with Rose, who was being held in jail, about Clark's retrieving something that Rose had buried in the field while he was fleeing. The conversations were recorded, and police quickly figured out that what Rose had buried was drugs. A canine search of the field in late January 2020, in the area where Rose had fled, led to the discovery of a bag containing 83.9 grams of methamphetamine. Clark was charged in a second case

---

[1] Champaign C.P. No. 2020-CR-13.

with one count of attempted aggravated possession of drugs, one count of attempted aggravated trafficking in drugs, and one count of tampering with evidence.[2]

{¶ 5} Clark pleaded guilty to the charge in the first case, aggravated possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony. In the second case, she pleaded guilty to attempted aggravated possession of drugs in violation of R.C. 2929.11(A), a third-degree felony, and the other two counts were dismissed. The trial court sentenced Clark to eight months in prison for the offense in the first case and 36 months in prison, the maximum, for the offense in the second case, and it ordered that the sentences be served consecutively. The court also ordered Clark to pay a fine, court costs, and the cost of her court-appointed-counsel's legal fees and expenses.

{¶ 6} Clark appeals.

## II. Analysis

{¶ 7} Clark raises four assignments of error. The first assignment of error challenges the order to pay her court-appointed-counsel's fees and expenses. The remaining three assignments of error challenge her prison sentence.

### A. Court-appointed-counsel fees

{¶ 8} The first assignment of error alleges:

The trial court erred as a matter of law in imposing appointed counsel fees on Appellant without making an express finding at the sentencing hearing concerning her ability to pay counsel fees.

{¶ 9} Pursuant to R.C. 2941.51(D), the trial court ordered Clark to pay the county the cost of her appointed-counsel's legal fees and expenses. The court found that

---

[2] Champaign C.P. No. 2020-CR-54.

"Defendant is employable and in good health" (Sentencing Tr. 29), but it did not explicitly find that Clark had the ability to pay. Clark argues that we have held that, before ordering a defendant to pay these fees and expenses under R.C. 2941.51(D), a court must make explicit findings about the defendant's ability to pay. She is correct, we have so held. *See State v. Taylor*, 2018-Ohio-2858, 117 N.E.3d 887, ¶ 21 (2d Dist.). But on appeal of our decision, the Ohio Supreme Court reversed. In an opinion issued after Clark filed her brief in this case, the Supreme Court disagreed with us and held that "a trial court in a criminal case may assess court-appointed-counsel fees against a defendant without making specific findings on the record to justify the fee assessment." *State v. Taylor*, Ohio Slip Opinion 2020-Ohio-6786, __ N.E.2d __, ¶ 2.

{¶ 10} Therefore, the trial court did not err in ordering Clark to pay her appointed-counsel fees and expenses.

{¶ 11} The first assignment of error is overruled.

### B. The prison sentence

{¶ 12} The second, third, and fourth assignments of error challenge Clark's prison sentence as being not supported by the record:

> The trial court's decision to impose prison sentences in both cases, instead of terms of community-control sanctions, is clearly and convincingly unsupported by the record.

> The trial court's decision to impose a maximum prison term for Appellant's conviction for attempted aggravated possession of drugs, as a felony of the third degree, is clearly and convincingly unsupported by the record.

The trial court's findings in support of its decision to impose consecutive sentences are clearly and convincingly unsupported by the record.

{¶ 13} R.C. 2953.08(G)(2) sets forth the standard that we use in reviewing a felony sentence: an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either that (1) the record does not support the sentencing court's findings under certain enumerated statutory sections, or (2) the sentence is otherwise contrary to law. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown,* 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 14} Clark concedes that her sentence was within the statutory range. Her arguments in these assignments of error focus on the trial court's findings.

{¶ 15} The court made numerous findings, based on the presentence investigation report, statements of counsel, Clark's statements, and the court's interaction with her. As an initial matter, the court found that Clark had violated several conditions of the bond that it had set in the first case. She had telephone contact with her co-defendant not just once but 15 times. She was caught tampering with a urine screen and then refused to submit to a new one. And, of course, Clark collaborated with Rose to commit the criminal offense for which she was convicted in the second case.

{¶ 16} Turning to the sentencing statutes, the court stated that it had considered and applied the purposes and principles of sentencing in R.C. 2929.11 and that it had

considered the seriousness and recidivism factors in R.C. 2929.12. The court found that Clark had conspired with her co-defendant to secure concealed evidence of drug possession while she was on bond for a drug-possession offense involving the same co-defendant. She made 15 unauthorized contacts with her co-defendant in the attempt to secure the methamphetamine hidden in the field. In sum, the court found that Clark had, as the court put it, engaged in "criminogenic behaviors and attitudes that champion the destruction of evidence, conspiracy to possess a large amount of drugs and evasion of personal responsibility for her criminal conduct." The court further found that Clark had a criminal history, that she had not responded favorably to sanctions previously imposed, that she had a demonstrated pattern of drug or alcohol abuse that was related to the offense, and that she refused treatment, having failed to complete two different residential drug-treatment programs. The court found further that Clark showed no genuine remorse for the offenses and that she continued to avoid taking responsibility for her conduct.

*Imposing a prison term*

{¶ 17} Clark contends in the second assignment of error that the court's decision to impose a prison sentence, rather than community control, was unsupported by the record. She argues that she had no previous felony convictions and points out that she admitted that she had a drug problem and indicated a willingness to seek treatment. She also points out that she is the mother of four children, three of whom were minors at the time of sentencing.

{¶ 18} The trial court determined that the offense of attempted aggravated possession of drugs carried a presumption for a prison term under R.C. 2929.13(D)(1) and that the presumption had not been rebutted in favor of community control under R.C.

2929.13(D)(2). The court found that community control would not adequately punish Clark and protect the public from future crime, because the recidivism factors in R.C. 2929.12 showed a greater likelihood to commit future crimes. Further, the court found that community control would demean the seriousness of her offenses because the seriousness factors in R.C. 2929.12 showed that Clark's conduct was of the more serious kind.

{¶ 19} The record supported the trial court's findings. The court did not err by imposing a prison terms instead of community control.

{¶ 20} The second assignment of error is overruled.

*Imposing the maximum prison term*

{¶ 21} In the third assignment of error, Clark contends that the trial court's decision to impose the maximum prison term for attempted aggravated possession of drugs was unsupported by the record.

{¶ 22} "A trial court is not required to make any particular findings to justify maximum prison sentences." *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 75 (2d Dist.), citing *State v. Whitt*, 2d Dist. Clark No. 2014-CA-125, 2016-Ohio-843, ¶ 8. We note too that, in clarifying how an appellate court is to review a felony sentence under R.C. 2953.08(G)(2), the Ohio Supreme Court has ruled that R.C. 2953.08(G)(2)(a) "does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d __, ¶ 31. Therefore "an appellate court may not modify or vacate a felony sentence based upon a finding by clear

and convincing evidence that the record does not support the trial court's 'findings' under R.C. 2929.11 and R.C. 2929.12." *State v. Burks*, 2d Dist. Clark No. 2019-CA-70, 2021-Ohio-224, ¶ 7, citing *Jones*. Moreover, "* * * R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is 'contrary to law' because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 8, citing *Jones* at ¶ 32-39.

**{¶ 23}** Here, the record shows that the trial court considered R.C. 2929.11 and 2929.12. More than that, the record shows that the court explicitly considered each of the relevant factors in R.C. 2929.12 and made findings that were well-supported by the record. We find no basis on which to disturb the trial court's decision to impose the maximum prison term.

**{¶ 24}** The third assignment of error is overruled.

*Imposing consecutive sentences*

**{¶ 25}** Finally, in the fourth assignment of error, Clark argues that the trial court's findings supporting its decision to impose consecutive sentences are unsupported by the record.

**{¶ 26}** R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it determines that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of three statutory findings is satisfied, one of which is that the offender committed one or more of the offenses while she was awaiting trial or sentencing, was on

community control, or was under post-release control for a prior offense. R.C. 2929.14(C)(4)(a).

{¶ 27} R.C. 2953.08(G)(2) provides that, "where a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.). "It is a very deferential standard of review[.]" *Id.*

{¶ 28} The trial court here made the findings mandated by R.C. 2929.14(C)(4), and we do not clearly and convincingly find that the record failed to support them.

{¶ 29} The fourth assignment of error is overruled.

### III. Conclusion

{¶ 30} We have overruled all of the assignments of error presented. The trial court's judgments are affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Jane A. Napier
Michael J. Scarpelli
Hon. Nick A. Selvaggio