[Cite as *State v. Lipker*, 2013-Ohio-3278.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

BRENT M. LIPKER

     Defendant-Appellant

Appellate Case No.    2012-CA-55

Trial Court Case No.   2012-CR-187

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of July, 2013.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Clark County Assistant Prosecuting Attorney, 50 East Columbia Street, P.O. Box 1608, Springfield, Ohio 45501
     Attorney for Plaintiff-Appellee

ROBERT L. SCOTT, Atty. Reg. No 0086785, 8801 North Main Street, Suite 200, Dayton, Ohio 45415
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Brent M. Lipker, appeals from the prison sentence imposed after he pled guilty to three counts of Burglary as felonies of the second degree. Lipker argues that the trial court abused its discretion in imposing three consecutive four-year prison sentences. We conclude that the trial court did not abuse its discretion. Lipker's sentence was reasonable based on his criminal history, the economic harm caused by his offenses, his unfavorable response to previous sanctions, his failure to rehabilitate from drug addiction, and the fact that he was on community control when he committed the burglary offenses. The judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 2} On March 19, 2012, Brent M. Lipker was indicted by the Clark County Grand Jury on three counts of Burglary as felonies of the second degree in Case No. 12 CR 187. Lipker was subsequently indicted on two additional counts of Burglary in Case Nos. 12-CR-211 and 12-CR-285. Appellee, the State of Ohio, agreed to dismiss Case Nos. 12-CR-211 and 12-CR-285 if Lipker agreed to plead guilty to the three counts of Burglary in Case No. 12-CR-187. As part of the plea agreement, Lipker also had to agree to pay restitution to two of the victims in the amount of $8,000 and $200. Lipker accepted the plea agreement, and on May 23, 2012, he pled guilty to three counts of Burglary. The two counts in Case Nos. 12-CR-211 and 12-CR-285 were dismissed.

{¶ 3} The three counts to which Lipker pled guilty arose from Lipker breaking into three separate residences in Clark County, Ohio on March 8, 2012. Lipker was only 21 years old when he committed these offenses, but he had an extensive criminal record as a juvenile.

Lipker's juvenile record began in January 2005, for a robbery offense. As a result, he was placed on probation and was given intensive treatment at Youth and Family Services. The treatment included random drug screens due to Lipker suffering from drug addiction.

{¶ 4} In December 2005, Lipker violated his probation and was ordered to complete a drug court program. In March 2006, he violated his probation again, and was assigned and transported to a drug and alcohol treatment program. In December 2006, he committed a third probation violation, and was placed in a detention center for five or six days.

{¶ 5} In July 2007, Lipker was charged with breaking and entering and vandalism. He was bound over on these charges, but the charges were later dismissed. In 2008, Lipker was charged with robbery and was also bound over on this charge. He pled guilty to robbery and was imprisoned until he was placed on judicial release and community control in June 2010. While on judicial release and community control, Lipker committed the burglary offenses that are the subject of this case.

{¶ 6} At Lipker's sentencing hearing on June 13, 2012, the trial court reviewed the relevant sentencing factors set forth in R.C. 2929.12(B) through (E). The court considered Lipker's criminal history, the economic harm caused by his offenses, his unfavorable response to previous sanctions, his failure to rehabilitate from drug addiction, and that he was on community control when he committed the offenses. The trial court also received statements from Lipker and his defense counsel, and reviewed letters written to the court from Lipker's parents. The trial court then imposed three consecutive four-year prison terms, one for each count of Burglary. Lipker was, therefore, sentenced to a total of 12 years in prison.

{¶ 7} Lipker appeals the trial court's sentence, claiming that it was an abuse of

discretion.

## II.   Did the Trial Court Abuse its Discretion When Sentencing the Appellant?

{¶ 8}   Lipker's sole assignment of error states that:

The Trial Court Erred and Abused its Discretion by Imposing Consecutive Sentences on the Defendant-Appellant.

{¶ 9}   Under this assignment of error, Lipker argues that the trial court abused its discretion in imposing three consecutive four-year prison terms, because the burglary offenses occurred on the same day, they were Lipker's first offenses since becoming an adult, and they were committed five years after his last juvenile offense.   Lipker also claims that his drug abuse led to the offenses.   Lipker contends that his prison sentence is excessively harsh, given all of these factors.

{¶ 10}   A two-step approach is used in Ohio to review felony sentences.   "[A]n appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to decide whether the sentence is contrary to law."   *State v. Clark*, 2d   Dist. Champaign No. 2011-CA-32, 2013-Ohio-300, ¶ 13, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26.   "If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse-of-discretion standard."   *Id*.

### A.   Appellant's Prison Sentence Is Not Contrary to Law

{¶ 11}  "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences."  (Citation omitted.) *State v. Blessing*, 2d Dist. Clark No. 2011 CA 56, 2013-Ohio-392, ¶ 27.  R.C. 2929.14(A)(2) provides that the authorized statutory range for a second degree felony is a prison term of two, three, four, five, six, seven, or eight years.  Accordingly, Lipker's prison sentence of four years for each of his three second degree felonies falls within the authorized statutory range.

{¶ 12}  In addition to sentencing a defendant within the appropriate statutory range, "the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12."  (Citation omitted.)  *Blessing* at ¶ 27.  Given that consecutive prison sentences were imposed in this case, the trial court must also comply with R.C. 2929.14(C)(4).

{¶ 13}  Pursuant to R.C. 2929.11(A):

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing.  The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.  To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 14}  Pursuant to R.C. 2929.12(A), the sentencing trial court "has discretion to

determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." Sections (B) through (E) of R.C. 2929.12 provide various factors for the trial court to consider during sentencing.

**{¶ 15}** With regard to consecutive prison sentences, R.C. 2929.14(C)(4) states that:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender * * * was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

* * *

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 16}** During the sentencing hearing in this case, the trial court discussed the relevant factors set forth in R.C. 2929.12(B) through (E). Specifically, the court considered Lipker's criminal history, the economic harm caused by his offenses, his unfavorable response to previous

sanctions, his failure to rehabilitate from drug addiction, and that he was on community control when he committed the three burglary offenses. Based on these factors the trial court imposed one four-year prison term for each of Lipker's offenses. The trial court ordered the sentences to run consecutively based on the fact that Lipker was on community control when he committed the offenses, and because his history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by Lipker. The fact that a large portion of Lipker's criminal history was committed as a juvenile does not prohibit it from consideration, as "a court may consider an offender's juvenile record as an indication whether the offender is likely to commit future crimes." *State v. Drake*, 8th Dist. Cuyahoga No. 77460, 2002 WL 69484, *4 (Jan. 9, 2002); *Accord* R.C. 2929.12(D)(2) and (D)(3).

{¶ 17} The trial court's purpose and reasoning for imposing three consecutive four-year prison terms complies with R.C. 2929.11, 2929.12, and 2929.14(C)(4). The prison sentence also falls within the permissible statutory range for second degree felonies as set forth in R.C. 2929.14(A)(2). The prison sentence, therefore, complies with all applicable rules and statutes. For the foregoing reasons, the trial court's decision is not contrary to law.

### B. Appellant's Prison Sentence Is Not an Abuse of Discretion

{¶ 18} "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." (Citations omitted.) *State v. Bray*, 2d Dist. Clark No. 2010 CA 14, 2011-Ohio-4660, ¶ 28.

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. It is to be expected that most instances of abuse of

discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp*., 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 19} The fact that the 2012 burglaries were Lipker's first offenses since becoming an adult, and were committed five years after his last juvenile offense, does not render the trial court's sentence unreasonable. Lipker has engaged in the same pattern of conduct since he was a minor, and, despite approximately seven years of intervention by court services and treatment programs, he has not changed his behavior upon entering into adulthood.

{¶ 20} Additionally, the fact that the three offenses occurred on the same day does not render the trial court's sentence unreasonable. While the three burglaries did occur on the same day, the trial court noted that the two offenses dismissed pursuant to the plea agreement occurred on a separate day, February 24, 2012. Accordingly, the burglaries of March 8, 2012, were not isolated incidents.

{¶ 21} The record demonstrates that the trial court decided to impose three consecutive four-year prison terms based on Lipker's criminal history, the economic harm caused by his offenses, his unfavorable response to previous sanctions, his failure to rehabilitate from drug

addiction, and the fact that he was on community control when he committed the offenses. The trial court's reasoning is sound, and its decision is not unreasonable. For these reasons, the trial court's sentence was not an abuse of discretion.

{¶ 22} Lipker's sole assignment of error is overruled.

### III.   Conclusion

{¶ 23} Having overruled Brent M. Lipker's sole assignment of error, we hereby affirm the judgment of the trial court.

. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

Lisa M. Fannin
Robert L. Scott
Hon. Richard J. O'Neill