[Cite as *State v. Green*, 2015-Ohio-4078.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102421

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HEIDI GREEN

DEFENDANT-APPELLANT

## JUDGMENT:
### SENTENCE VACATED; REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585230-B

**BEFORE:** E.A. Gallagher, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 1, 2015

**ATTORNEY FOR APPELLANT**

Mathew Bangerter
Bangerter Law, L.L.C.
P.O. Box 148
Mentor, Ohio 44061


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Brian R. Radigan
        Frank Romeo Zeleznikar
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Heidi Green appeals from her sentences imposed in the Cuyahoga County Common Pleas Court. Green argues that the trial court erred in imposing maximum consecutive sentences for her offenses. For the following reasons, we affirm, in part, and reverse, in part.

{¶2} Green pled guilty to two counts of endangering children in violation of R.C. 2919.22(A). The trial court imposed prison sentences of three years on each count and ordered the counts to be served consecutively.

{¶3} In her sole assignment of error, Green argues that the trial court failed to make the required findings pursuant to R.C. 2929.14(C)(4) prior to imposing consecutive sentences and that the trial court failed to consider the mitigating factors listed in R.C. 2929.12(C) and (E) prior to imposing the maximum sentences.

{¶4} When reviewing a felony sentence, we follow the standard of review set forth in R.C. 2953.08(G)(2), which provides in relevant part:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

*Id*.

{¶5} We first consider Green's consecutive sentences argument. R.C. 2929.14(C)(4) requires a trial court to engage in a three-step analysis before it imposes consecutive sentences. First, the court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id*. Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id*. Third, the trial court must find that at least one of the following applies:

(a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

(b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; [or]

(c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶6} The court must make the statutory findings as stated above at the sentencing hearing and incorporate those findings into its sentencing entry. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. Although the trial court was not required to use "talismanic words," it must be clear from the record that it actually made the findings required by statute. *Id*. at ¶ 37.

{¶7} In this instance the trial court found that consecutive sentences were necessary to protect the public from future crime and punish Green. The court further found that consecutive sentences were not disproportionate to the seriousness of Green's conduct or the danger the Green posed to the public. Finally, the trial court found that Green's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.

{¶8} Green challenges only the trial court's finding regarding her history of criminal conduct. A presentence investigation report was prepared in this case and indicates that Green had no prior criminal record or juvenile delinquency adjudications. The trial court further acknowledged at sentencing that "there is [an] absence of a criminal history." The state maintains that Green's conduct in the present case can satisfy the "history of criminal conduct" finding of R.C. 2929.14(C)(4)(c). We disagree.

{¶9} The state correctly notes that R.C. 2929.14(C)(4)(c) references criminal "conduct" as opposed to "convictions," a distinction noted by the First District Court of Appeals in *State v. Bromagen*, 1st Dist. Hamilton No. C-120148, 2012-Ohio-5757. The *Bromagen* court explained:

If, as Bromagen argues, the General Assembly had intended to limit a sentencing court's review of prior actions to criminal convictions, it could have done so. But the legislature, in both former R.C. 2929.14(E)(4)(c) and newly enacted R.C. 2929.14(C)(4)(c), at issue here, has stated that "an offender's history of criminal conduct" can support the imposition of consecutive sentences. We must give effect to the words the General Assembly actually used. In determining legislative intent, we are not free to delete words or insert words not used.

(Citations and internal quotation marks omitted.) *Id.* at ¶ 8.

**{¶10}** Although *Bromagen* held "criminal conduct" to include juvenile delinquency adjudications, it did not extend the phrase beyond convictions and delinquency adjudications as the state argues is appropriate in this case.

**{¶11}** The fact that an individual has been has been arrested and later released or acquitted of crimes with which (s)he has been charged cannot, and should not, be the basis for imposition of consecutive sentences.

**{¶12}** Contrary to the state's interpretation of the First District's opinion in *Bromagen*, a mere accusation, without more, is insufficient to establish *conduct* of an individual. As we are aware, some criminal complaints are made in retribution or in a fit of anger and later found to be unsubstantiated. Some actions that have been charged as a crime are later resolved through an affirmative defense of self-defense and, occasionally, as the law evolves that which was originally deemed to be a crime upon a jury conviction is later reversed on appeal. *State v. Kozlosky*, 195 Ohio App.3d 343, 2011-Ohio-4814, 959 N.E.2d 1097 (8th Dist.).

**{¶13}** Criminal conduct must be limited to conduct wherein an adjudication has been made that an individual has, in fact, *committed* a crime.

**{¶14}** The state further seeks to rely on Green's criminal conduct in the underlying offenses to establish a "history of criminal conduct." This court previously rejected this argument in *State v. Ferrell*, 8th Dist. Cuyahoga No. 100659, 2014-Ohio-4377:

> Here, the trial court made the first two findings but failed to make the third finding to support the imposition of consecutive sentences. In attempting to make the finding, the trial judge erroneously focused on the defendant's history of criminal conduct related to the underlying charges — not his criminal conduct in general. However, given that this case involves two victims, the possibility exists for the trial court to make another finding to support the imposition of consecutive sentences, and therefore we must remand for the trial court to consider the remaining factors of R.C. 2929.14(C)(4).

*Id*. at ¶ 46.

**{¶15}** We find the limitation noted in *Ferrell* to be consistent with the definition of the word "history." The word "history" is used in a various contexts; however, "history" followed by the term "of" is defined by the Oxford English Dictionary as:

> [a] record of past activity or behavior of a particular type; a previous tendency to engage in a specified action repeatedly or habitually.
>
> * * *
>
> [Ex.] He has a history of violence.

Oxford English Dictionary,OED Online,"*history,n*.", http://www.oed.com/view/Entry/87324?rskey=LWpXmX&result=1 (accessed Sept. 10, 2015).

**{¶16}** Merriam-Webster's Online Dictionary similarly defines "history" as "an established record" such as "a prisoner with a history of violence." *State v. Turner*, 7th Dist. Mahoning No. 08-MA-4, 2009-Ohio-2640, ¶ 45.

**{¶17}** The present case mirrors *Ferrell* in that, although the trial court erroneously relied on the Green's underlying conduct to support a finding under R.C. 2929.14(C)(4)(c), the possibility exists for the trial court to make another finding to support the imposition of consecutive sentences. Therefore, we must vacate Green's consecutive sentences and remand this matter to the trial court for resentencing on the question of consecutive sentences.

**{¶18}** We next consider Green's argument that the trial court failed to consider R.C. 2929.12(C) and (E) prior to imposing the maximum sentence on each count.

**{¶19}** A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control and sentences a defendant within the permissible statutory range. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

**{¶20}** This court has previously explained that, "[t]he decision as [to] how long a sentence should be — assuming it falls within a defined statutory range — is a pure exercise of discretion." *State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 16. Trial courts have full discretion to impose a prison sentence within the statutory range. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Apart from any claim that the sentencing judge failed to fulfill a

statutorily mandated obligation before imposing sentence, a sentence falling within the statutory range is unreviewable. *Akins* at ¶ 16.

**{¶21}** In this instance, the record reflects that the trial court considered all required factors of law including the principles and purposes of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors under R.C. 2929.12. The trial court noted that it had read Green's presentence investigation report as well as a court clinic report on mitigation that documented the "horrible abuse" Green had suffered in her life. However, the trial court explained that the seriousness of Green's conduct was extraordinary in this case: Green allowed a man who had previously sexually abused her daughters to move back in with them after he was released from prison and abuse them again. The trial court concluded that Green's conduct demanded the harshest term it could impose. The record demonstrates that the trial court read and heard evidence in mitigation of Green's offenses and considered the relevant factors in R.C. 2929.12. Therefore, Green's maximum sentences are not contrary to law.

**{¶22}** Green's assignment of error is sustained, in part, and overruled in part.

**{¶23}** We vacate Green's consecutive sentences and remand this case for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

PATRICIA A. BLACKMON, J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION)


SEAN C. GALLAGHER, J., DISSENTING:

**{¶24}** I respectfully dissent.  The legislature specifically referenced "history of criminal conduct" in drafting R.C. 2929.14(C)(4).  As a court, we must give the words and phrases used in statutes their plain and ordinary meaning unless the legislative intent indicates otherwise.  *Coventry Towers, Inc. v. Strongsville*, 18 Ohio St.3d 120, 122, 480 N.E.2d 412 (1985).  Formal convictions are not required to satisfy the finding.  For example, as the majority stated, courts have determined that delinquency proceedings, although not criminal convictions, are examples of "criminal conduct."  *State v. Phipps*, 2d Dist. Montgomery No. 20793, 2005-Ohio-6680, ¶ 32-33, citing *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829.

**{¶25}** The majority's conclusion that "criminal conduct must be limited to conduct wherein an adjudication has been made that an individual has, in fact, *committed* a crime" is judicial legislation, reading modifiers into statutes where none exist.  In other provisions of the Revised Code, the legislature specifically indicated its understanding of the difference between a conviction and criminal conduct.  For example, when

considering mitigating factors for sentencing in death penalty cases, courts must consider the "offender's lack of significant history of *prior criminal convictions and delinquency adjudications*." (Emphasis added.) R.C. 2929.04(B). If the legislature intended R.C. 2929.14(C)(4) to be limited to criminal convictions or delinquency adjudications, the same language could have been borrowed from R.C. 2929.04(B). The decision to use the phrase "history of criminal conduct" must be given meaning, and therefore, "history of criminal conduct" is not limited to criminal convictions or delinquency adjudications alone.

{¶26} Finally, I disagree with the conclusion that the "history of criminal conduct" precludes the state from using the conduct underlying the charges. At the risk of being overly pedantic, all events are in the past when an offender appears for sentencing. The definition of "history," as being past events, provides no meaningful guidance. History of criminal conduct includes all criminal conduct and has no limitation. If the legislature intended, it could have drafted R.C. 2929.14(C)(4)(c) to limit consideration to an offender's "prior history of criminal conduct." The absence of any modifier necessarily implies that the offender's entire history is a consideration, and thus, I disagree with the unsupported conclusion to the contrary in *State v. Ferrell*, 8th Dist. Cuyahoga No. 100659, 2014-Ohio-4377.

{¶27} Nevertheless, there are factual differences that compel a different outcome in this case. As the state made clear, the charges against Green were based on allowing the known abuser of her children to move into Green's home with Green's children. At

sentencing, the trial court found Green's failure to report the abuse on multiple occasions after her daughters revealed the recurrence of the abuse constituted the history of criminal conduct. Failing to report child abuse is separate criminal conduct unrelated to the charges to which Green pleaded guilty; therefore, the trial court correctly relied on Green's history of criminal conduct in fashioning the final sentence. I would accordingly affirm the conviction.