[Cite as *State v. Saunders*, 2022-Ohio-1424.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-32 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-75 |
| | : | |
| RICHARD L. SAUNDERS, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of April, 2022.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, Prosecuting Attorney, Champaign County
Prosecutor's Office, Appellate Division, 200 N. Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

MISTY M. CONNORS, Atty. Reg. No. 0075457, P.O. Box 340246, Dayton, Ohio 45434
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Richard L. Saunders, Jr. appeals from his conviction on one count of domestic violence, a fourth-degree felony.

{¶ 2} Saunders' appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for review. We notified Saunders of the *Anders* filing and gave him an opportunity to submit his own brief. He did not file a pro se brief.

{¶ 3} Saunders' appellate counsel has considered various issues and has concluded that they lack arguable merit. Based on our independent review of the record, we agree with counsel's assessment. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} A grand jury indicted Saunders on two counts of third-degree felony domestic violence and one count of menacing, a misdemeanor. Saunders subsequently pled guilty to an amended charge of domestic violence as a fourth-degree felony in exchange for dismissal of the other charges. The trial court accepted the guilty plea and ordered a presentence investigation. At sentencing, the trial court found Saunders not amenable to community control. Based on his extensive criminal history, his violation of the conditions of his bond in this case, and other factors, the trial court imposed a 17-month prison term to be followed by discretionary post-release control of up to three years. The trial court also ordered Saunders to pay a $250 fine and costs. This appeal followed.

## II. Analysis

{¶ 5} Under *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we must conduct an independent review to determine whether Saunders' appeal is wholly frivolous. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 6} In the present case, the *Anders* brief identifies the following issues that Saunders' appellate counsel considered: (1) whether his sentence is excessive or inconsistent with sentences imposed for similar crimes committed by similar offenders; (2) whether the trial court improperly imposed a harsher sentence based on a dismissed charge in another county; and (3) whether the trial court imposed a harsher sentence because the sentencing judge had been a prosecutor in a prior domestic-violence case against Saunders. Appellate counsel sees no non-frivolous argument with regard to any of these issues. We agree with counsel's assessment.

{¶ 7} The presentence-investigation report reflected that Saunders had a lengthy criminal history. At sentencing, Saunders described himself as a "monster." (August 10, 2021 Tr. at 12.) By the prosecutor's count, he had seven prior domestic-violence charges

and several domestic-violence convictions. His adult record also included convictions for alcohol-related offenses and assault. He previously served a prison term for domestic violence, and he admitted multiple violations of no-contact orders while this case was pending. As noted above, Saunders also benefitted from having charges dismissed and reduced in this case. The charge to which he pled guilty was reduced from a third-degree felony to a fourth-degree felony by omitting one of his prior domestic-violence convictions. The victim in the present case was Saunders' 80-year-old father. Based on the record before us, we see no non-frivolous argument that the 17-month prison sentence was "excessive" or inconsistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 8} We also see no arguable issue with regard to whether the trial court imposed a harsher sentence based on a dismissed charge from another county. This argument concerns Saunders' allegedly engaging in conduct that resulted in a Logan County domestic-violence charge while the present case was pending. The Logan County charge eventually was dismissed without prejudice, apparently due to non-cooperation from the victim. Saunders admitted, however, that he had been found at the scene in Logan County with the victim, who was the subject of a no-contact order. He also admitted residing with his father, who was a protected person under a no-contact order. He further admitted making approximately 250 telephone calls to his father from the Logan County jail in violation of a no-contact order. Prior to sentencing, Saunders admitted bond violations by failing to be a law-abiding citizen as a result of being charged with both felonious assault and domestic violence in Logan County and by violating a no-contact order. (June 9, 2021

Tr. at 2-3.) In light of these facts, the trial court found at sentencing that "Defendant violated bond by failing to be a law-abiding citizen and having contact—having violated the no-contact order." (August 10, 2021 Tr. at 20.) Regardless of the Logan County domestic-violence charge ultimately being dismissed, the record supports the trial court's finding that Saunders failed to be a "law-abiding citizen" based on his admitted bond violations. We see no non-frivolous issue for appeal.

{¶ 9} With regard to the last issue raised in the *Anders* brief, nothing in the record suggests that the trial court imposed a harsher sentence because the sentencing judge had been a prosecutor in a prior case involving Saunders. This issue was not raised below, and Saunders made no objection to the trial court judge's participation. "Absent some showing of prejudgment, bias, or an appearance of bias, it will not be assumed that a trial judge is unable to provide a fair trial based solely on prior prosecutorial participation in an unrelated case." *In re Disqualification of Batchelor*, 136 Ohio St.3d 1211, 2013-Ohio-2626, 991 N.E.2d 242, ¶ 9.

{¶ 10} Finally, in satisfaction of our obligation under *Anders*, we independently have examined the record, including the plea and sentencing transcript and presentence-investigation report, and we have found no non-frivolous issues for appeal. The trial court conducted a thorough plea hearing in full compliance with Crim.R. 11(C)(2)(a), (b), and (c), and Saunders entered his guilty plea knowingly, intelligently, and voluntarily.

{¶ 11} Concerning Saunders' sentence, appellate review is governed by R.C. 2953.08(G)(2). Under that statute, we may vacate or modify a sentence only if the record does not support findings under certain enumerated statutes or if the sentence is contrary

to law. Here the referenced statutes do not apply. In addition, Saunders' sentence is not contrary to law because it falls within the statutory range for his offense, and the trial court explicitly considered the principles and purposes of sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. We note too that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

### III. Conclusion

**{¶ 12}** Having found no non-frivolous issues for appeal, we grant appointed appellate counsel's request for permission to withdraw from further representation and affirm the judgment of the Champaign County Common Pleas Court.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Kevin S. Talebi
Misty M. Connors
Hon. Nick A. Selvaggio