[Cite as *State v. Curtis*, 2022-Ohio-1691.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-19 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-468 |
| | : | |
| BLAKE L. CURTIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of May, 2022.

. . . . . . . . . . .

MATTHEW C. JOSEPH, Atty. Reg. No. 0090869, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

KYLE J. LENNEN, Atty. Reg. No. 0085726, 120 West Second Street, Suite 820, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Blake L. Curtis, appeals from his conviction in the Miami County Court of Common Pleas after pleading guilty to one count of felonious assault and one count of aggravated assault. Specifically, Curtis challenges the trial court's decision to impose consecutive sentences on grounds that the trial court's history-of-criminal-conduct finding under R.C. 2929.14(C)(4)(c) was unsupported by the record. Curtis also contends that the prison terms imposed by the trial court were excessive given that he was a first-time felony offender. For the reasons outlined below, the judgment of the trial court will be affirmed, but the matter will be remanded to the trial court for the sole purpose of issuing a nunc pro tunc sentencing entry that accurately reflects the history-of-criminal-conduct findings that the trial court made at the sentencing hearing.

### Facts and Course of Proceedings

{¶ 2} On November 9, 2020, a complaint was filed in the Miami County Municipal Court charging Curtis with two second-degree-felony counts of felonious assault. After the complaint was filed, Curtis waived his right to a preliminary hearing and the matter was bound over to the Miami County Court of Common Pleas. Once the matter was bound over, Curtis waived his right to be prosecuted by indictment. The State thereafter filed a bill of information charging Curtis with one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and one amended count of aggravated assault in violation of R.C. 2903.12(A)(2), a felony of the fourth degree. The charges stemmed from allegations that Curtis ran over the father of his former fiancée with his vehicle and then punched him in the head while he was pinned underneath the

vehicle.

{¶ 3} On January 22, 2021, Curtis pled guilty as charged in the bill of information. The trial court accepted Curtis's guilty plea and thereafter sentenced Curtis to an indefinite term of 6 to 9 years in prison for the felonious assault and a definite term of 16 months in prison for the aggravated assault.   After considering the statutory criteria under R.C. 2929.14(C)(4), the trial court ordered Curtis's prison terms to be served consecutively.   In doing so, the trial court sentenced Curtis to a total, indefinite term of 7 years and 4 months to 10 years and 4 months in prison.

{¶ 4} Curtis now appeals from his conviction, raising two assignments of error for review.

**First Assignment of Error**

{¶ 5} Under his first assignment of error, Curtis contends that the trial court improperly imposed consecutive sentences based on his history of criminal conduct.   We disagree.

{¶ 6} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2).   *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7.   Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes (including R.C. 2929.14(C)(4), which concerns the imposition of consecutive sentences); or (2) the sentence is otherwise

contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

{¶ 7} Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it finds that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 8} "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

"[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.); *Marcum* at ¶ 22. This is a very deferential standard of review, as "the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." (Citation omitted.) *Withrow* at ¶ 38. In applying that standard of review, "the consecutive nature of the trial court's sentencing should stand unless the record overwhelmingly supports a contrary result." (Citation omitted.) *Id.* at ¶ 39. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶ 9} In this case, Curtis does not dispute that the trial court made the statutorily-required consecutive-sentence findings at the sentencing hearing and incorporated them into the sentencing entry. Instead, Curtis challenges the trial court's finding under section (c) of R.C. 2929.14(C)(4), i.e., that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by him. According to Curtis, this finding is not supported by the record because it is based only on a single juvenile adjudication for assault and his criminal conduct in the instant case. Although Curtis agrees that juvenile adjudications can be used as prior criminal history for purposes of imposing consecutive sentences, *see State v. Lipker*, 2d Dist. Clark No.

2012-CA-55, 2013-Ohio-3278, ¶ 16, Curtis argues that a *single* juvenile adjudication is insufficient to support the trial court's history-of-criminal-conduct finding. Curtis also argues that it was erroneous for the trial court to consider his criminal conduct in the instant case when making the history-of-criminal-conduct finding. For these reasons, Curtis claims that the imposition of consecutive sentences was improper and that his sentence should be vacated.

{¶ 10} In support of his claims, Curtis cites to a decision of the Eighth District Court of Appeals, *State v. Batiste*, 2020-Ohio-3673, 154 N.E.3d 1220 (8th Dist.). In *Batiste*, the trial court imposed consecutive sentences for various offenses committed by the defendant and relied on two factors when making its history-of-criminal-conduct finding: (1) the defendant's prior juvenile adjudication for robbery; and (2) the criminal conduct for which the defendant was being sentenced. *Id.* at ¶ 18. On appeal, the *Batiste* court held that the trial court had erroneously relied on the criminal conduct that the defendant was being sentenced for when making its history-of-criminal-conduct finding, as the court explained that said finding "does not include the offenses of the case at issue." *Id.* at ¶ 19, citing *State v. Green*, 8th Dist. Cuyahoga No. 102421, 2015-Ohio-4078, ¶ 17, and *State v. Ferrell*, 8th Dist. Cuyahoga No. 100659, 2014-Ohio-4377, ¶ 46. The court in *Batiste* also held that the "use of an offender's juvenile criminal history is generally reserved for instances where the offender has an *extensive* juvenile history." (Emphasis sic.) *Id.* at ¶ 20. Because the defendant in *Batiste* only had one juvenile adjudication for robbery, the Eighth District found that the record did not support the trial court's history-of-criminal-conduct finding and thus did not support the imposition of consecutive

sentences.   *Id.* at ¶ 18-21.

{¶ 11} Curtis contends that, like *Batiste*, the trial court in this case based its history-of-criminal-conduct finding on a single juvenile adjudication and his criminal conduct in the instant case.   The record, however, establishes otherwise.   Unlike the defendant in *Batiste*, Curtis's history of criminal conduct included more than just a single juvenile adjudication and the instant criminal offenses.   The record establishes that Curtis had juvenile adjudications for assault in 2010 and underage consumption of alcohol and drugs in 2011.   Curtis also had adult misdemeanor convictions for criminal damaging in 2015 and disorderly conduct in 2017, with the disorderly conduct conviction being amended from an original charge of resisting arrest.   Between 2010 and 2012, Curtis acquired several charges as a juvenile for failure to comply, obstructing official business, and assault, all of which were dismissed.   As an adult, Curtis was also charged with obstructing official business and possession of controlled substances in 2013, with those charges being dismissed as well.   In addition, at the time of sentencing, Curtis had a pending charge for aggravated menacing that arose after he committed the offenses in this case.   The record indicates that the aggravated menacing charge stemmed from allegations that Curtis threatened to kill the son-in-law of the victim's neighbor, who had tried to stop Curtis from punching the victim during the incident in question.

{¶ 12} We note that "[b]y referring to the offender's history of criminal *conduct*, R.C. 2929.14(C)(4)(c) 'does not limit the trial court's review to an offender's history of criminal *convictions*.' "   (Emphasis sic.)   *State v. Hiles*, 3d Dist. Union No. 14-20-21, 2021-Ohio-1622, ¶ 26, quoting *State v. Russell*, 11th Dist. Lake No. 2019-L-138, 2020-Ohio-3243,

¶ 140; *State v. Steele*, 8th Dist. Cuyahoga No. 105085, 2017-Ohio-7605, ¶ 13-17. " '[I]t is settled law that a sentencing judge can take into account facts relating to other charges, even charges that have been dismissed or which resulted in an acquittal.' " *Hiles* at ¶ 26, quoting *State v. Esmail*, 7th Dist. Columbiana No. 13 CO 35, 2014-Ohio-2297, ¶ 11; *Steele* at ¶ 10. Therefore, it was appropriate to consider Curtis's dismissed charges and the pending charge for aggravated menacing when making the history-of-criminal-conduct finding under R.C. 2929.14(C)(4)(c).

{¶ 13} In addition to the aforementioned juvenile adjudications, misdemeanor convictions, and charges, when making the history-of criminal-conduct finding, the trial court considered the instant felonious assault and aggravated assault offenses. In this court's view, "history of criminal conduct" includes all criminal conduct the offender engaged in prior to sentencing. The language of R.C. 2929.14(C)(4)(c) in no way indicates that the trial court may not consider the offenses of the case at issue. Certainly, those offenses cannot be the sole basis underlying the trial court's history-of-criminal-conduct finding, but they may nevertheless be considered as part of the offender's criminal history. Therefore, we disagree with the portion of *Batiste* holding otherwise.

{¶ 14} Even without considering the instant felonious assault and aggravated assault offenses, the record indicates that within a span of 10 years Curtis consistently engaged in violent or non-compliant conduct, which resulted in his acquiring multiple charges, juvenile adjudications, and misdemeanor convictions. Therefore, we do not clearly and convincingly find that the record fails to support the trial court's history-of-criminal-conduct finding. For this reason, Curtis's claim that the trial court improperly

imposed consecutive sentences lacks merit.

{¶ 15} That said, Curtis also claims that the trial court made a factually inaccurate statement in the sentencing entry with regard to the history-of-criminal-conduct finding. Specifically, Curtis points to a portion of the sentencing entry in which the trial court stated that Curtis had "served three prior prison terms and committ[ed] the instant offenses while on community control." Sentencing Entry (Mar. 12, 2021), p. 4. The State concedes that the foregoing statement is incorrect, but claims that the statement was merely a clerical mistake.

{¶ 16} In support of this claim, the State points to the transcript of the sentencing hearing, which establishes that the trial court never considered or mentioned Curtis's being on community control during the offenses in question and specifically stated that: "in mitigation [Curtis has] not served any previous prison term." Sentencing Trans. (Mar. 8, 2021), p. 25. The trial court also wrote in the sentencing entry that: "While *the defendant does not have any prior felony convictions* or non-compliance, he was adjudicated as a juvenile and all of his prior convictions as a juvenile and as an adult, involve violence." (Emphasis added.) Sentencing Entry at 3. This statement indicates, and the record establishes, that all of Curtis's adult convictions were for misdemeanor offenses. Generally speaking, jail terms, not prison terms, are imposed for misdemeanor offenses. R.C. 2929.24(A)(1); R.C. 2929.34(C); *State v. Leach*, 6th Dist. Lucas No. L-09-1327, 2011-Ohio-866, ¶ 7. Therefore, the trial court's incorrect statement regarding Curtis's serving three prior prison terms contradicts statements that the trial court made both at the sentencing hearing and in the sentencing entry.

**{¶ 17}** Taking all the foregoing into consideration, as well as the criminal conduct reported in Curtis's PSI, we agree with the State and find that the incorrect statement in the sentencing entry was a clerical mistake. "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Crim.R. 36. Such errors can be corrected using a nunc pro tunc entry, which "may be used to 'reflect what the trial court did decide but recorded improperly.' " *State v. McIntyre*, 2d Dist. Montgomery No. 25502, 2013-Ohio-3281, ¶ 5, quoting *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15. Given the clerical mistake in Curtis's sentencing entry, it is appropriate to remand the matter to the trial court for purposes of issuing a nunc pro tunc entry that accurately reflects the history-of-criminal conduct findings that the trial court made at the sentencing hearing.

**{¶ 18}** For the foregoing reasons, Curtis's first assignment of error is overruled as to the imposition of consecutive sentences and sustained as to the incorrect statement in the sentencing entry.

## Second Assignment of Error

**{¶ 19}** Under his second assignment of error, Curtis contends that the indefinite term of 6 to 9 years in prison he received for felonious assault and the definite term of 16 months in prison he received for aggravated assault are excessive given that he is a first-time felony offender. Specifically, Curtis argues that his prison sentences do not comport with R.C. 2929.11 because the trial court failed to use minimum sanctions to accomplish

the purposes of felony sentencing. We disagree.

{¶ 20} As previously noted, this court must apply the standard of review contained in R.C. 2953.08(G)(2) when reviewing felony sentences. *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 7. Under that statute, "an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it 'clearly and convincingly' finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Mayberry*, 2d Dist. Montgomery No. 27530, 2018-Ohio-2220, ¶ 41, quoting R.C. 2953.08(G)(2). Because we have already reviewed the trial court's consecutive-sentence findings under R.C. 2929.14(C)(4), and because the trial court was not required to make any of the other findings listed under R.C. 2953.08(G)(2), we need only determine whether Curtis's sentence is clearly and convincingly contrary to law.

{¶ 21} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range.' " *State v. Grieco*, 2d Dist. Montgomery No. 28542, 2020-Ohio-6956, ¶ 21, quoting *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8; *State v. Haddad*, 10th Dist. Franklin Nos. 16AP-459, 16AP-464, 2017-Ohio-1290, ¶ 19, citing *State v. Gore*, 10th Dist. Franklin No. 15AP-686, 2016-Ohio-7667, ¶ 8.

{¶ 22} "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-

6729, 169 N.E.3d 649, ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. "Nor is a trial court required to make any particular finding before imposing the authorized maximum sentence." *State v. Loffing*, 2d Dist. Clark No. 2021-Ohio-CA-44, 2022-Ohio-408, ¶ 9, citing *State v. Clark*, 2d Dist. Champaign No. 2020-CA-19, 2021-Ohio-1427, ¶ 22. "The trial court has full discretion to impose any sentence within the authorized statutory range[.]" *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.).

{¶ 23} In this case, the transcript of the sentencing hearing and the sentencing entry establish that the trial court considered the principles and purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12 prior to issuing its sentencing decision. *See* Sentencing Trans. (Mar. 8, 2021), p. 21-30; Sentencing Entry (Mar. 12, 2021), p. 1-2. The record also establishes that the trial court properly imposed post-release control and imposed prison terms that were within the authorized statutory range for second and fourth-degree felonies. *See* R.C. 2967.28, R.C. 2929.14(A)(2)(a), and R.C. 2929.14(A)(4). Because the trial court considered the criteria under R.C. 2929.11 and R.C. 2929.12, properly imposed post-release control, and imposed prison terms within the authorized statutory range, we do not clearly and convincingly find that Curtis's prison sentences are contrary to law.

{¶ 24} This ends our inquiry regarding Curtis's prison sentence, as " '[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.' " *State v. Saunders*, 2d Dist.

Champaign No. 2021-CA-32, 2022-Ohio-1424, ¶ 11, quoting *Jones* at ¶ 42. This court must simply determine whether the sentences imposed are contrary to law. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18, citing *Jones*.

**{¶ 25}** Because Curtis's prison sentences are not contrary to law, his second assignment of error is overruled.

## Conclusion

**{¶ 26}** The judgment of the trial court is affirmed, but the matter is remanded to the trial court for the sole purpose of issuing a nunc pro tunc sentencing entry that accurately reflects the history-of-criminal-conduct findings that the trial court made at the sentencing hearing.

. . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.

Copies sent to:

Matthew C. Joseph
Kyle J. Lennen
Hon. Stacy M. Wall