[Cite as *State v. Morckel*, 2023-Ohio-1473.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RUSSELL A. MORCKEL,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 CO 0024

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2020 CR 454

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecutor, and *Atty. Alec A. Beech,* Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office*,* 135 South Market Street, Lisbon, Ohio  44432, for Plaintiff-Appellee and

*Atty. Robert T. McDowall, Jr.*, Robert T. McDowall Co., LLC, 415 Wyndclift Place, Youngstown, Ohio  44515, for Defendant-Appellant.

Dated:  May 2, 2023

---

**HANNI, J.**

{¶1}   Defendant-Appellant, Russell A. Morckel, appeals from a Columbiana County Common Pleas Court judgment convicting him of failure to comply with an order or signal of a police officer, following his guilty plea, and the resulting sentence.

{¶2}   On September 14, 2020, Columbiana police officers signaled to Appellant to pull over to the side of the road.  Instead of stopping, Appellant fled in his vehicle.  Police pursued him.  During the pursuit, Appellant passed other vehicles, crossing double yellow lines and reaching a speed of 100 miles per hour.  Police eventually terminated the pursuit.  Appellant was later found inside the vehicle in another county.  He admitted to being the driver the police had been pursuing.

{¶3}   On January 14, 2021, a Columbiana County Grand Jury indicted Appellant on one count of failure to comply with an order or signal of a police officer, a third-degree felony in violation of R.C. 2921.331(B).  Appellant initially pleaded not guilty.

{¶4}   After negotiations with Plaintiff-Appellee, the State of Ohio, Appellant changed his plea to guilty to the charge on June 6, 2022.  Pursuant to the plea agreement, both parties agreed to recommend an 18-month prison sentence.  The parties also agreed to forego a presentence investigation and proceed immediately to sentencing.

{¶5}   The only matter the parties did not agree on was whether the court should order Appellant to serve his sentence concurrent with or consecutive to another prison sentence he was currently serving.  Appellant's other sentence arose from a conviction in Licking County Common Pleas Court on charges of failure to comply with the order or signal of a police officer, having weapons under disability, tampering with evidence, possessing a firearm in a motor vehicle, and unlawful possession of a dangerous ordnance.  Appellant was serving a four-year prison sentence on the Licking County case.

{¶6}   The trial court accepted Appellant's plea and found him guilty as charged.  The court sentenced him to the 18-month agreed upon prison sentence.  It ordered Appellant to serve his sentence consecutive to the Licking County sentence.

{¶7}   Appellant filed a timely notice of appeal on July 7, 2022.  He now raises a single assignment of error for our review.

{¶8}   Appellant's sole assignment of error states:

THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS CONTRARY TO LAW BECAUSE IT FAILED TO MAKE FINDINGS REQUIRED BY R.C. 2929.14(C)(4).

**{¶9}** Appellant argues the trial court failed to make the required consecutive-sentencing findings. Appellant argues the court's finding regarding his history of criminal conduct is not supported by the record. He points out there was no presentence investigation in this case. And he notes there were no stipulations of any past criminal conduct. Appellant asserts the only reference to his criminal history was to the Licking County case. But he states that the facts giving rise to the Licking County case occurred *after* the facts giving rise to the current case. Thus, Appellant argues, the Licking County case cannot be used against him as constituting his "history" of criminal conduct.

**{¶10}** When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶11}** In this case, the trial court sentenced Appellant to 18 months in prison to be served consecutive to the sentence he was already serving for his convictions in Licking County.

**{¶12}** As to the issue of consecutive sentences, R.C. 2929.14(C)(4) requires a trial court to make specific findings:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed

pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶13}** It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38. A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. Mahoning No. 13-MA-125, 2015-Ohio-4100, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

**{¶14}** Appellant concedes here that the trial court properly made the first two findings. As to the first finding, the trial court specifically found, "consecutive sentences are necessary to punish the offender, to protect the public from future crime." (Tr. 22). And as to the second finding, the court found, "[c]onsecutive sentences are not disproportionate to the seriousness of the conduct, the danger imposed to the public." (Tr. 22). Thus, the trial court clearly complied with the first two statutory requirements.

**{¶15}** Appellant also agrees that, on its face, the transcript reveals that the trial court made the third statutorily required finding: "Also the history of criminal conduct demonstrated consecutive sentences are necessary to protect the public from future crime by the defendant." (Tr. 22). Appellant's sole argument is that because the events giving rise to the Licking County case occurred after the events giving rise to this case, the Licking County case could not be considered by the trial court as part of his "history of criminal conduct" for purposes of consecutive sentences.

**{¶16}** The Second District has specifically found that "'history of criminal conduct' includes all criminal conduct the offender engaged in *prior to sentencing*." (Emphasis added); *State v. Curtis*, 2d Dist. Miami No. 2021-CA-19, 2022-Ohio-1691, ¶ 13. And the Eighth District has specifically approved of the sentencing court considering the defendant's criminal conduct occurring while the defendant was on supervised release awaiting sentencing. *State v. Steele*, 8th Dist. Cuyahoga No. 105085, 2017-Ohio-7605, ¶ 7-8.

**{¶17}** There is nothing in R.C. 2929.14(C)(4)(c), to indicate that the trial court cannot consider all criminal conduct that occurs prior to sentencing as part of a defendant's "history of criminal conduct." Because the trial court complied with the applicable sentencing statute and made each of the required consecutive-sentencing findings, Appellant's sentence is not contrary to law.

**{¶18}** Accordingly, Appellant's sole assignment of error is without merit and is overruled.

**{¶19}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

D'Apolito, P.J., concurs.

Case No. 22 CO 0024

―――――――――――――――

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**